**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, | |
| Plaintiff, | Case No. 6:15-cv-469 |
| v. | JURY TRIAL DEMANDED |
| SAP AMERICA INC., SYBASE, INC., HEWLETT-PACKARD COMPANY, and HP ENTERPRISE SERVICES, LLC, | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Realtime Data LLC d/b/a IXO ("Plaintiff," "Realtime," or "IXO") makes the following allegations against Defendant SAP America Inc. ("SAP"), Sybase, Inc. ("Sybase"), Hewlett-Packard Company ("HP"), and Defendant HP Enterprise Services, LLC ("HPES") (collectively, "Defendants"):

## PARTIES

1.      Realtime is a New York limited liability company.  Realtime has places of business at 1828 E.S.E. Loop 323, Tyler, Texas 75701 and 116 Croton Lake Road, Katonah, New York 10536.  Since the 1990s, Realtime has researched and developed specific solutions for data compression, including, for example, those that increase the speeds at which data can be stored and accessed.  As recognition of its innovations rooted in this technological field, Realtime holds over 40 United States patents and has numerous pending patent applications.  Realtime has licensed patents in this portfolio to many of the world's leading technology companies.  The patents-in-suit relate to Realtime's development of advanced systems and methods for fast and efficient data compression using numerous innovative compression techniques based on, for example,

particular attributes of the data.

2.      On information and belief, SAP is a Delaware corporation having a principal place of business at 3999 West Chester Pike, Newtown Square, PA 19073.  On information and belief, SAP can be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3.      On information and belief, Sybase is a Delaware corporation with its principal place of business at One Sybase Drive, Dublin, CA 94568.  On information and belief, Sybase can be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.  On information and belief, Sybase, Inc. has been a subsidiary of SAP since at least 2010.

4.      On information and belief, Defendant HP is a Delaware corporation, with its North American headquarters at 11445 Compaq Center West Drive, Houston, Texas 77070, and a worldwide headquarters at 3000 Hanover Street, Palo Alto, California 94304.

5.      On information and belief, HPES is a Delaware limited liability company having a principal place of business at 5400 Legacy Drive, Plano, Texas 75024.  On information and belief, HPES can be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

6.      On information and belief, Defendants HP and/or HPES have entered into an Alliance Agreement with SAP, which they call the "HP and SAP Alliance."[1] This "Alliance" has included collaboration and co-marketing of SAP HANA ("HANA"), for example, together with HP ConvergedSystem[2] or as "HP As-a-Service Solution for SAP

---

[1] See http://h22168.www2.hp.com/us/en/partners/sap/; http://h20195.www2.hp.com/V2/GetDocument.aspx?docname=4AA0-0503ENW&cc=us&lc=en

[2] See http://www8.hp.com/us/en/business-solutions/converged-systems/big-data-solutions/sap-hana.html; http://h20195.www2.hp.com/V2/GetDocument.aspx?docname=4AA0-0503ENW&cc=us&lc=en

HANA®".[3]  On information and belief, Defendant HP and/or HPES have entered into an alliance partnership with Sybase,[4] which includes offering Sybase Adaptive Server Enterprise Version 15.7 ("ASE") together with "HP Converged Infrastructure."[5]  On information and belief, these arrangements among HP and/or HPES on the one hand and SAP and/or Sybase on the other hand are based on ongoing contractual agreements among them.  As further explained below, HANA and ASE infringe the asserted patents.  Accordingly, each of the Defendants is properly joined in this action pursuant to 35 U.S.C. § 299.

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over Defendant SAP in this action because SAP has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over SAP would not offend traditional notions of fair play and substantial justice.  Defendant SAP, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.  SAP is registered to do business in the State of Texas and has appointed CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201 as its agent for service of process.

9.     This Court has personal jurisdiction over Defendant Sybase in this action because Sybase has committed acts within the Eastern District of Texas giving rise to this

---

[3] See http://www8.hp.com/h20195/V2/GetDocument.aspx?docname=4AA4-7634ENW&cc=us&lc=en

[4] http://h22168.www2.hp.com/us/en/isvs/index.aspx#tab=TAB2

[5] See http://h22168.www2.hp.com/us/en/partners/sap/sap-sybase-ase.aspx#tab=TAB1

action and has established minimum contacts with this forum such that the exercise of jurisdiction over Sybase would not offend traditional notions of fair play and substantial justice.  Defendant Sybase, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.  Sybase is registered to do business in the State of Texas and has appointed CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201 as its agent for service of process.

10.     This Court has personal jurisdiction over Defendant HP and Defendant HPES in this action because HP and/or HPES have committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over HP and/or HPES would not offend traditional notions of fair play and substantial justice.  Defendants HP and/or HPES, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have committed and continue to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.  Moreover, both HP and HPES are registered to do business in the state of Texas, and each has appointed CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX, 75201-3136, as its agent for service of process.  This Court also has personal jurisdiction over Defendants HP and HPES because each of HP and HPES has a principal place of business in Texas.

11.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  Each of Defendants SAP, Sybase, HP, and HPES is registered to do business in Texas, and upon information and belief, has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.  In addition, Defendants HP and HPES each have a principal place of business in Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,378,992

12.     Plaintiff realleges and incorporates by reference paragraphs 1-11 above, as if fully set forth herein.

13.     Plaintiff Realtime is the owner by assignment of United States Patent No. 7,378,992 ("the '992 patent") entitled "Content independent data compression method and system."  The '992 patent was duly and legally issued by the United States Patent and Trademark Office on May 27, 2008.  A true and correct copy of the '992 patent, including its reexamination certificates, is included as Exhibit A.

### SAP HANA

14.     On information and belief, SAP and HP and/or HPES have used, offered for sale, sold and/or imported into the United States SAP database products that infringe various claims of the '992 patent, including in conjunction with HP ConvergedSystem, and continue to do so.  By way of illustrative example, these infringing products include, without limitation, SAP's and HP and/or HPES's compression products and services, such as, *e.g.,* the SAP HANA product and all versions and variations thereof since the issuance of the '992 patent ("accused products").

15.     On information and belief, SAP and HP and/or HPES have directly infringed and continue to infringe the '992 patent, for example, through their own use and testing of the accused products to practice compression methods claimed by the '992 patent, including a computer implemented method comprising: receiving a data block; associating at least one encoder to each one of several data types; analyzing data within the data block to identify a first data type of the data within the data block; compressing if said first data type is the same as one of said several data types, said data block with said at least one encoder associated with said one of said several data types that is the same as said first data type to provide a compressed data block; and compressing, if said

first data type is not the same as one of said several data types, said data block with a default encoder to provide said compressed data block, wherein the analyzing of the data within the data block to identify one or more data types excludes analyzing based only on a descriptor that is indicative of the data type of the data within the data block.   On information and belief, use of the accused products in their ordinary and customary fashion results in infringement of the methods claimed by the '992 patent.

16.   On information and belief, HP and HPES have had knowledge of the '992 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, HP and HPES knew of the '992 patent and knew of its infringement, including by way of this lawsuit.

17.   Upon information and belief, HP and/or HPES's affirmative acts of installing the accused products into HP and/or HPES's own compatible hardware such as HP ConvergedSystem, selling such systems and/or services, and providing implementation services and technical support to users of the accused products on HPES's systems,[6] have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '992 patent. HP and/or HPES specifically intended and were aware that these normal and customary activities would infringe the '992 patent.   HP and/or HPES performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '992 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.   On information and belief, HP and/or HPES engaged in such inducement to promote the sales of its own compatible hardware that can be used in conjunction with the accused products, including

---

[6] "With more than 9,200 SAP professionals, HP has one of the largest and most comprehensive global SAP capabilities. … HP's global SAP practice has successfully delivered more than 1,000 SAP implementation projects for our clients".   See http://www8.hp.com/h20195/V2/GetDocument.aspx?docname=4AA4-7634ENW&cc=us&lc=en

HP ConvergedSystem products, and its HP As-a-Service Solution for SAP HANA® service.  Accordingly, HP and/or HPES have induced and continue to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '992 patent, knowing that such use constitutes infringement of the '992 patent.

18.     On information and belief, SAP has had knowledge of the '992 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, SAP knew of the '992 patent and knew of its infringement, including by way of this lawsuit.

19.     SAP's affirmative acts of making, using, selling, offering for sale, and/or importing the accused products have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '992 patent by practicing a computer implemented method comprising: receiving a data block; associating at least one encoder to each one of several data types; analyzing data within the data block to identify a first data type of the data within the data block; compressing if said first data type is the same as one of said several data types, said data block with said at least one encoder associated with said one of said several data types that is the same as said first data type to provide a compressed data block; and compressing, if said first data type is not the same as one of said several data types, said data block with a default encoder to provide said compressed data block, wherein the analyzing of the data within the data block to identify one or more data types excludes analyzing based only on a descriptor that is indicative of the data type of the data within the data block.  For example, the SAP HANA Administration Guide explains that HANA determines which columns in a column table to compress and which compression algorithm is most appropriate to apply for each column, applying a default compression

method if necessary.[7]  SAP specifically intended and was aware that the normal and customary use of the accused products would infringe the '992 patent.  SAP performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '992 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, SAP engaged in such inducement to promote the sales of the accused products, *e.g.,* through SAP's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '992 patent.  Accordingly, SAP has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '992 patent, knowing that such use constitutes infringement of the '992 patent.

20.    By making, using, offering for sale, selling and/or importing into the United States the accused products, including in conjunction with HP ConvergedSystem products, and touting the benefits of using the accused products' compression features, SAP and HP and/or HPES have injured Realtime and are liable to Realtime for infringement of the '992 patent pursuant to 35 U.S.C. § 271.

21.    As a result of SAP and HP and/or HPES's infringement of the '992 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for SAP's and HP and/or HPES's infringement, but in no event less than a reasonable royalty for the use made of the invention by SAP and HP and/or HPES, together with interest and costs as fixed by the Court.

**SYBASE ASE**

22.    On information and belief, SAP, Sybase, and HP and/or HPES have used, offered for sale, sold and/or imported into the United States Sybase database products

---

[7] See, e.g.
https://hcp.sap.com/content/dam/website/saphana/en_us/Technology%20Documents/SAP_HANA_Administration_Guide_en.pdf at 139, 148.

that infringe various claims of the '992 patent, including in conjunction with HP Converged Infrastructure, and continue to do so.  By way of illustrative example, these infringing products include, without limitation, SAP's, Sybase's, and HP and/or HPES's compression products and services, such as, *e.g.,* the Sybase ASE product and all versions and variations thereof since the issuance of the '992 patent ("accused products").

23.     On information and belief, SAP, Sybase and HP and/or HPES have directly infringed and continue to infringe the '992 patent, for example, through their own use and testing of the accused products to practice compression methods claimed by the '992 patent, including a computer implemented method comprising: receiving a data block; associating at least one encoder to each one of several data types; analyzing data within the data block to identify a first data type of the data within the data block; compressing if said first data type is the same as one of said several data types, said data block with said at least one encoder associated with said one of said several data types that is the same as said first data type to provide a compressed data block; and compressing, if said first data type is not the same as one of said several data types, said data block with a default encoder to provide said compressed data block, wherein the analyzing of the data within the data block to identify one or more data types excludes analyzing based only on a descriptor that is indicative of the data type of the data within the data block.  On information and belief, use of the accused products in their ordinary and customary fashion results in infringement of the methods claimed by the '992 patent.

24.     On information and belief, HP and HPES have had knowledge of the '992 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, HP and HPES knew of the '992 patent and knew of their infringement, including by way of this lawsuit.

25.     Upon information and belief, HP and/or HPES's affirmative acts of installing the accused products into HP and/or HPES's own compatible hardware such as HP Converged Infrastructure, selling such systems, and providing technical support for

the accused products on HP and/or HPES systems, have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '992 patent.  HP and/or HPES specifically intended and was aware that these normal and customary activities would infringe the '992 patent.  HP and/or HPES performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '992 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, HP and/or HPES engaged in such inducement to promote the sales of their own compatible hardware that can be used in conjunction with the accused products, including HP Converged Infrastructure.  Accordingly, HP and/or HPES have induced and continue to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '992 patent, knowing that such use constitutes infringement of the '992 patent.

26.     On information and belief, SAP and Sybase have had knowledge of the '992 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, SAP and Sybase knew of the '992 patent and knew of their infringement, including by way of this lawsuit.

27.     SAP and Sybase's affirmative acts of making, using, selling, offering for sale, and/or importing the accused products have induced and continue to induce end-users of the accused products to use the accused products in their normal and customary way to infringe the '992 patent by practicing compression methods claimed by the '992 patent, including a computer implemented method comprising: receiving a data block; associating at least one encoder to each one of several data types; analyzing data within the data block to identify a first data type of the data within the data block; compressing if said first data type is the same as one of said several data types, said data block with said at least one encoder associated with said one of said several data types that is the same as said first data type to provide a compressed data block; and compressing, if said

first data type is not the same as one of said several data types, said data block with a default encoder to provide said compressed data block, wherein the analyzing of the data within the data block to identify one or more data types excludes analyzing based only on a descriptor that is indicative of the data type of the data within the data block.  For example, in a white paper published by Sybase (An SAP Company) entitled "Sybase® Adaptive Server® Enterprise Data Compression Techniques",[8] SAP and Sybase explain that ASE's compression architecture delivers cost savings and better performance by using different compression techniques depending on the type of data being compressed. SAP and Sybase specifically intended and were aware that the normal and customary use of the accused products would infringe the '992 patent.  SAP and Sybase performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '992 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, SAP and Sybase engaged in such inducement to promote the sales of the accused products, *e.g.,* through SAP's and Sybase's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '992 patent.  Accordingly, SAP and Sybase have induced and continue to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '992 patent, knowing that such use constitutes infringement of the '992 patent.

28.   By making, using, offering for sale, selling and/or importing into the United States the accused products, including in conjunction with HP Converged Infrastructure, and touting the benefits of the accused products' compression features, SAP, Sybase, and HP and/or HPES have injured Realtime and are liable to Realtime for infringement of the '992 patent pursuant to 35 U.S.C. § 271.

---

[8] See http://www.ndm.net/bi/pdf/SY-ASE-Data-Compression-WP.pdf

29.     As a result of SAP's, Sybase's, and HP and/or HPES's infringement of the '992 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for SAP's, Sybase's, and HP and/or HPES's infringement, but in no event less than a reasonable royalty for the use made of the invention by SAP, Sybase, and HP and/or HPES, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,415,530

30.     Plaintiff Realtime realleges and incorporates by reference paragraphs 1-29 above, as if fully set forth herein.

31.     Plaintiff Realtime is the owner by assignment of United States Patent No. 7,415,530 ("the '530 Patent") entitled "System and methods for accelerated data storage and retrieval." The '530 Patent was duly and legally issued by the United States Patent and Trademark Office on August 19, 2008.  A true and correct copy of the '530 Patent, including its reexamination certificate, is included as Exhibit B.

### SAP HANA

32.     On information and belief, SAP and HP and/or HPES have used, offered for sale, sold and/or imported into the United States SAP database products that infringe various claims of the '530 patent, including in conjunction with HP ConvergedSystem, and continue to do so.  By way of illustrative example, these infringing products include, without limitation, SAP's and HP and/or HPES's compression products and services, such as, *e.g.,* the SAP HANA product and all versions and variations thereof since the issuance of the '530 patent ("accused products").

33.     On information and belief, SAP and HP and/or HPES have directly infringed and continue to infringe the '530 patent, for example, through their own use, testing, sale, offer for sale, and/or importation of the accused products and computer systems running the accused products, which when used as designed and intended, constitute a system comprising: a memory device; and a data accelerator, wherein said

data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different, said compressed data stream is stored on said memory device, said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block.  Such infringing systems include the accused products running on HP ConvergedSystem and other compatible systems.

34.     On information and belief, HP and HPES have had knowledge of the '530 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, HP and HPES knew of the '530 patent and knew of their infringement, including by way of this lawsuit.

35.     Upon information and belief, HP and/or HPES's affirmative acts of installing the accused products into HP and/or HPES's own compatible hardware such as HP ConvergedSystem, selling such systems and/or services, and providing implementation services and technical support to users of the accused products on HP and/or HPES's systems,[9] have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '530 patent.  HP and/or HPES specifically intended and were aware that these normal and

---

[9] "With more than 9,200 SAP professionals, HP has one of the largest and most comprehensive global SAP capabilities. … HP's global SAP practice has successfully delivered more than 1,000 SAP implementation projects for our clients".  See http://www8.hp.com/h20195/V2/GetDocument.aspx?docname=4AA4-7634ENW&cc=us&lc=en

customary activities would infringe the '530 patent.  HP and/or HPES performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '530 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, HP and/or HPES engaged in such inducement to promote the sales of their own compatible hardware that can be used in conjunction with the accused products, including HP ConvergedSystem products, and their HP As-a-Service Solution for SAP HANA® service.  Accordingly, HP and/or HPES have induced and continue to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '530 patent, knowing that such use constitutes infringement of the '530 patent.

36.     On information and belief, SAP has had knowledge of the '530 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, SAP knew of the '530 patent and knew of its infringement, including by way of this lawsuit.

37.     SAP's affirmative acts of making, using, selling, offering for sale, and/or importing the accused products have induced and continue to induce users of the accused products to use the accused products in their normal and customary way on compatible systems, including HP ConvergedSystem products, to infringe the '530 patent, knowing that when the accused products are used in their ordinary and customary manner with such compatible systems, such systems are converted into infringing systems comprising: a memory device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different,

said compressed data stream is stored on said memory device, said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block, thereby infringing the '530 patent.  For example, SAP has explained that HANA uses columnar table storage to enable high data compression rates.[10]  The SAP HANA Administration Guide also explains that HANA determines which columns in a column table to compress and which compression algorithm, such as run length encoding (RLE), is most appropriate to apply for each column, applying a default compression method if necessary.[11]  SAP specifically intended and was aware that the normal and customary use of the accused products on compatible systems would infringe the '530 patent.  SAP performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '530 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, SAP engaged in such inducement to promote the sales of the accused products, *e.g.,* through SAP's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '530 patent.  Accordingly, SAP has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '530 patent, knowing that such use of the accused products with compatible systems will result in infringement of the '530 patent.

     38.     SAP also indirectly infringes the '530 patent by manufacturing, using,

---

[10] See http://hana.sap.com/abouthana/hana-technology/data-center.html
[11] See, e.g. https://hcp.sap.com/content/dam/website/saphana/en_us/Technology%20Documents/SAP_HANA_Administration_Guide_en.pdf at 139, 148.

selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '530 patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   On information and belief, the accused products are designed to function with compatible hardware to create systems comprising: a memory device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different, said compressed data stream is stored on said memory device, said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block, thereby infringing the '530 patent.   Because all software must run on corresponding compatible hardware that necessarily includes a memory device, and the functions of the claimed data accelerator are performed by the accused products when executed on such hardware, the most compelling inference is that the accused products have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.   SAP's manufacture, use, sale, offering for sale, and/or importation of the accused products constitutes contributory infringement of the '530 patent.

39.   By making, using, offering for sale, selling and/or importing into the United States the accused products and computer systems running the accused products, including the accused products running on HP ConvergedSystem products, and touting

the benefits of using the accused products' compression features, SAP and HP and/or HPES have injured Realtime and are liable to Realtime for infringement of the '530 patent pursuant to 35 U.S.C. § 271.

40.     As a result of SAP's and HP and/or HPES's infringement of the '530 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for SAP's and HP and/or HPES's infringement, but in no event less than a reasonable royalty for the use made of the invention by SAP and HP and/or HPES, together with interest and costs as fixed by the Court.

**SYBASE ASE**

41.     On information and belief, SAP, Sybase, and HP and/or HPES have used, offered for sale, sold and/or imported into the United States Sybase database products that infringe various claims of the '530 patent, including in conjunction with HP Converged Infrastructure, and continue to do so.  By way of illustrative example, these infringing products include, without limitation, SAP's, Sybase's, and HP and/or HPES's compression products and services, such as, *e.g.,* the Sybase ASE product and all versions and variations thereof since the issuance of the '530 patent ("accused products").

42.     On information and belief, SAP, Sybase, and HP and/or HPES have directly infringed and continue to infringe the '530 patent, for example, through their own use, testing, sale, offer for sale, and/or importation of the accused products and computer systems running the accused products, which when used as designed and intended with compatible systems, converts such systems into a system comprising: a memory device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different,

said compressed data stream is stored on said memory device, said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block.   Such infringing systems include the accused products running on HP Converged Infrastructure and other compatible systems.

43.     On information and belief, HP and HPES have had knowledge of the '530 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, HP and HPES knew of the '530 patent and knew of their infringement, including by way of this lawsuit.

44.     Upon information and belief, HP and/or HPES's affirmative acts of installing the accused products into HP and/or HPES's own compatible hardware such as HP Converged Infrastructure, selling such systems, and providing technical support for the accused products on HP and/or HPES systems, have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '530 patent.   HP and/or HPES specifically intended and were aware that these normal and customary activities would infringe the '530 patent.   HP and/or HPES performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '530 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.   On information and belief, HP and/or HPES engaged in such inducement to promote the sales of their own compatible hardware that can be used in conjunction with the accused products, including HP Converged Infrastructure.   Accordingly, HP and/or HPES has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '530 patent, knowing that such use constitutes infringement of the '530 patent.

45.     On information and belief, SAP and Sybase have had knowledge of the '530 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, SAP and Sybase knew of the '530 patent and knew of their infringement, including by way of this lawsuit.

46.     SAP and Sybase's affirmative acts of making, using, selling, offering for sale, and/or importing the accused products have induced and continue to induce users of the accused products to use the accused products in their normal and customary way on compatible systems, including HP Converged Infrastructure, to infringe the '530 patent, knowing that when the accused products are used in their ordinary and customary manner with such compatible systems, such systems are converted into infringing systems comprising: a memory device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different, said compressed data stream is stored on said memory device, said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block, thereby infringing the '530 patent.  For example, in a white paper published by Sybase (An SAP Company) entitled "Sybase® Adaptive Server® Enterprise Data Compression Techniques",[12] SAP and Sybase explain that ASE's compression architecture delivers cost savings and better performance by using different

---

[12] See http://www.ndm.net/bi/pdf/SY-ASE-Data-Compression-WP.pdf

compression techniques depending on the type of data being compressed.  SAP and Sybase specifically intended and were aware that the normal and customary use of the accused products on compatible systems would infringe the '530 patent.  SAP and Sybase performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '530 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, SAP and Sybase engaged in such inducement to promote the sales of the accused products, *e.g.,* through SAP's and Sybase's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '530 patent.  Accordingly, SAP and Sybase have induced and continue to induce users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '530 patent, knowing that such use of the accused products with compatible systems will result in infringement of the '530 patent.

47.     SAP and Sybase also indirectly infringe the '530 patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the accused products were and are especially manufactured and/or especially adapted for use in infringing the '530 patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.  On information and belief, the accused products are designed to function with compatible hardware to create systems comprising: a memory device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different, said compressed data stream is stored on said memory device,

said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block, thereby infringing the '530 patent.  Because all software must run on corresponding compatible hardware that necessarily includes a memory device, and the functions of the claimed data accelerator are performed by the accused products when executed on such hardware, the most compelling inference is that the accused products have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  SAP's and Sybase's manufacture, use, sale, offering for sale, and/or importation of the accused products constitutes contributory infringement of the '530 patent.

48.     By making, using, offering for sale, selling and/or importing into the United States the accused products and computer systems running the accused products, including the accused products running on HP Converged Infrastructure, and touting the benefits of using the accused products' compression features, SAP, Sybase, and HP and/or HPES have injured Realtime and are liable to Realtime for infringement of the '530 patent pursuant to 35 U.S.C. § 271.

49.     As a result of SAP's, Sybase's, and HP and/or HPES's infringement of the '530 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for SAP's, Sybase's, and HP and/or HPES's infringement, but in no event less than a reasonable royalty for the use made of the invention by SAP, Sybase, and HP and/or HPES, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,643,513

50.     Plaintiff realleges and incorporates by reference paragraphs 1-49 above, as

if fully set forth herein.

51.     Plaintiff Realtime is the owner by assignment of United States Patent No. 8,643,513 ("the '513 patent") entitled "Data compression systems and methods."  The '513 patent was duly and legally issued by the United States Patent and Trademark Office on February 4, 2014.  A true and correct copy of the '513 patent is included as Exhibit C.

**SAP HANA**

52.     On information and belief, SAP and HP and/or HPES have used, offered for sale, sold and/or imported into the United States SAP database products that infringe various claims of the '513 patent, including in conjunction with HP ConvergedSystem, and continue to do so.  By way of illustrative example, these infringing products include, without limitation, SAP's and HP and/or HPES's compression products and services, such as, *e.g.,* the SAP HANA product and all versions and variations thereof since the issuance of the '513 patent ("accused products").

53.     On information and belief, SAP and HP and/or HPES have each directly infringed and continue to infringe the '513 patent, for example, through their own use and testing of the accused products to practice compression methods claimed by the '513 patent, including a method of compressing a plurality of data blocks, comprising: analyzing the plurality of data blocks to recognize when an appropriate content independent compression algorithm is to be applied to the plurality of data blocks; applying the appropriate content independent data compression algorithm to a portion of the plurality of data blocks to provide a compressed data portion; analyzing a data block from another portion of the plurality of data blocks for recognition of any characteristic, attribute, or parameter that is indicative of an appropriate content dependent algorithm to apply to the data block; and applying the appropriate content dependent data compression algorithm to the data block to provide a compressed data block when the characteristic, attribute, or parameter is identified, wherein the analyzing the plurality of data blocks to recognize when the appropriate content independent compression algorithm is to be

applied excludes analyzing based only on a descriptor indicative of the any characteristic, attribute, or parameter, and wherein the analyzing the data block to recognize the any characteristic, attribute, or parameter excludes analyzing based only on the descriptor. On information and belief, use of the accused products in their ordinary and customary fashion results in infringement of the methods claimed by the '513 patent.

54.     On information and belief, HP and HPES have had knowledge of the '513 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, HP and HPES knew of the '513 patent and knew of their infringement, including by way of this lawsuit.

55.     Upon information and belief, HP and/or HPES's affirmative acts of installing the accused products into HP and/or HPES's own compatible hardware such as HP ConvergedSystem, selling such systems and/or services, and providing implementation services and technical support to users of the accused products on HP and/or HPES's systems,[13] have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '513 patent. HP and/or HPES specifically intended and were aware that these normal and customary activities would infringe the '513 patent. HP and/or HPES performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '513 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, HP and/or HPES engaged in such inducement to promote the sales of their own compatible hardware that can be used in conjunction with the accused products, including HP ConvergedSystem products, and their HP As-a-Service Solution for SAP HANA®

---

[13] "With more than 9,200 SAP professionals, HP has one of the largest and most comprehensive global SAP capabilities. … HP's global SAP practice has successfully delivered more than 1,000 SAP implementation projects for our clients". See http://www8.hp.com/h20195/V2/GetDocument.aspx?docname=4AA4-7634ENW&cc=us&lc=en

service.  Accordingly, HP and/or HPES have induced and continue to induce end users of the accused products to use the accused products in their ordinary and customary way to infringe the '513 patent, knowing that such use constitutes infringement of the '513 patent.

56.    On information and belief, SAP has had knowledge of the '513 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, SAP knew of the '513 patent and knew of its infringement, including by way of this lawsuit.

57.    SAP's affirmative acts of making, using, selling, offering for sale, and/or importing the accused products have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '513 patent by practicing compression methods claimed by the '513 patent, including a method of compressing a plurality of data blocks, comprising: analyzing the plurality of data blocks to recognize when an appropriate content independent compression algorithm is to be applied to the plurality of data blocks; applying the appropriate content independent data compression algorithm to a portion of the plurality of data blocks to provide a compressed data portion; analyzing a data block from another portion of the plurality of data blocks for recognition of any characteristic, attribute, or parameter that is indicative of an appropriate content dependent algorithm to apply to the data block; and applying the appropriate content dependent data compression algorithm to the data block to provide a compressed data block when the characteristic, attribute, or parameter is identified, wherein the analyzing the plurality of data blocks to recognize when the appropriate content independent compression algorithm is to be applied excludes analyzing based only on a descriptor indicative of the any characteristic, attribute, or parameter, and wherein the analyzing the data block to recognize the any characteristic, attribute, or parameter excludes analyzing based only on the descriptor.  For example, the SAP HANA Administration Guide explains that HANA determines which columns in a

column table to compress and which compression algorithm is most appropriate to apply for each column, applying a default compression method if necessary.[14]  SAP specifically intended and was aware that the normal and customary use of the accused products would infringe the '513 patent.  SAP performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '513 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, SAP engaged in such inducement to promote the sales of the accused products, *e.g.,* through SAP's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '513 patent.  Accordingly, SAP has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '513 patent, knowing that such use constitutes infringement of the '513 patent.

58.    By making, using, offering for sale, selling and/or importing into the United States the accused products, including in conjunction with HP ConvergedSystem products, and touting the benefits of using the accused products' compression features, SAP and HP and/or HPES have injured Realtime and are liable to Realtime for infringement of the '513 patent pursuant to 35 U.S.C. § 271.

59.    As a result of SAP's and HP and/or HPES's infringement of the '513 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for SAP's and HP and/or HPES's infringement, but in no event less than a reasonable royalty for the use made of the invention by SAP and HP and/or HPES, together with interest and costs as fixed by the Court.

**SYBASE ASE**

---

[14] See, e.g.
https://hcp.sap.com/content/dam/website/saphana/en_us/Technology%20Documents/SAP_HANA_Administration_Guide_en.pdf at 139, 148.

60.     On information and belief, SAP, Sybase, and HP and/or HPES have used, offered for sale, sold and/or imported into the United States Sybase database products that infringe various claims of the '513 patent, including in conjunction with HP Converged Infrastructure, and continue to do so.  By way of illustrative example, these infringing products include, without limitation, SAP's, Sybase's, and HP and/or HPES's compression products and services, such as, *e.g.,* the Sybase ASE product and all versions and variations thereof since the issuance of the '513 patent ("accused products").

61.     On information and belief, SAP, Sybase, and HP and/or HPES have directly infringed and continue to infringe the '513 patent, for example, through their own use and testing of the accused products to practice compression methods claimed by the '513 patent, including a method of compressing a plurality of data blocks, comprising: analyzing the plurality of data blocks to recognize when an appropriate content independent compression algorithm is to be applied to the plurality of data blocks; applying the appropriate content independent data compression algorithm to a portion of the plurality of data blocks to provide a compressed data portion; analyzing a data block from another portion of the plurality of data blocks for recognition of any characteristic, attribute, or parameter that is indicative of an appropriate content dependent algorithm to apply to the data block; and applying the appropriate content dependent data compression algorithm to the data block to provide a compressed data block when the characteristic, attribute, or parameter is identified, wherein the analyzing the plurality of data blocks to recognize when the appropriate content independent compression algorithm is to be applied excludes analyzing based only on a descriptor indicative of the any characteristic, attribute, or parameter, and wherein the analyzing the data block to recognize the any characteristic, attribute, or parameter excludes analyzing based only on the descriptor.  On information and belief, use of the accused products in its ordinary and customary fashion results in infringement of the methods claimed by the '513 patent.

62.     On information and belief, HP and HPES have had knowledge of the '513 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, HP and HPES knew of the '513 patent and knew of their infringement, including by way of this lawsuit.

63.     Upon information and belief, HP and/or HPES's affirmative acts of installing the accused products into HP and/or HPES's own compatible hardware such as HP Converged Infrastructure, selling such systems, and providing technical support for the accused products on HP and/or HPES systems, have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '513 patent.  HP and/or HPES specifically intended and were aware that these normal and customary activities would infringe the '513 patent.  HP and/or HPES performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '513 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, HP and/or HPES engaged in such inducement to promote the sales of its own compatible hardware that can be used in conjunction with the accused products, including HP Converged Infrastructure.  Accordingly, HP and/or HPES have induced and continue to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '513 patent, knowing that such use constitutes infringement of the '513 patent.

64.     On information and belief, SAP and Sybase have had knowledge of the '513 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, SAP and Sybase knew of the '513 patent and knew of their infringement, including by way of this lawsuit.

65.     SAP and Sybase's affirmative acts of making, using, selling, offering for sale, and/or importing the accused products have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to

infringe the '513 patent by practicing compression methods claimed by the '513 patent, including a method of compressing a plurality of data blocks, comprising: analyzing the plurality of data blocks to recognize when an appropriate content independent compression algorithm is to be applied to the plurality of data blocks; applying the appropriate content independent data compression algorithm to a portion of the plurality of data blocks to provide a compressed data portion; analyzing a data block from another portion of the plurality of data blocks for recognition of any characteristic, attribute, or parameter that is indicative of an appropriate content dependent algorithm to apply to the data block; and applying the appropriate content dependent data compression algorithm to the data block to provide a compressed data block when the characteristic, attribute, or parameter is identified, wherein the analyzing the plurality of data blocks to recognize when the appropriate content independent compression algorithm is to be applied excludes analyzing based only on a descriptor indicative of the any characteristic, attribute, or parameter, and wherein the analyzing the data block to recognize the any characteristic, attribute, or parameter excludes analyzing based only on the descriptor. For example, in a white paper published by Sybase (An SAP Company) entitled "Sybase® Adaptive Server® Enterprise Data Compression Techniques", [15] SAP and Sybase explain that ASE's compression architecture delivers cost savings and better performance by using different compression techniques depending on the type of data being compressed.  SAP and Sybase specifically intended and were aware that the normal and customary use of the accused products would infringe the '513 patent.  SAP and Sybase performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '513 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, SAP and Sybase engaged in such inducement to promote the sales

---

[15] See http://www.ndm.net/bi/pdf/SY-ASE-Data-Compression-WP.pdf

of the accused products, *e.g.,* through SAP's and Sybase's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '513 patent.  Accordingly, SAP and Sybase have induced and continue to induce end users of the accused products to use the accused products in their ordinary and customary way to infringe the '513 patent, knowing that such use constitutes infringement of the '513 patent.

66.    By making, using, offering for sale, selling and/or importing into the United States the accused products, including in conjunction with HP Converged Infrastructure, and touting the benefits of the accused products' compression features, SAP, Sybase, and HP and/or HPES have injured Realtime and are liable to Realtime for infringement of the '513 patent pursuant to 35 U.S.C. § 271.

67.    As a result of SAP's, Sybase's, and HP and/or HPES's infringement of the '513 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for SAP's, Sybase's, and HP and/or HPES's infringement, but in no event less than a reasonable royalty for the use made of the invention by SAP, Sybase, and HP and/or HPES, together with interest and costs as fixed by the Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,597,812

68.    Plaintiff realleges and incorporates by reference paragraphs 1-67 above, as if fully set forth herein.

69.    Plaintiff Realtime is the owner by assignment of United States Patent No. 6,597,812 ("the '812 patent") entitled "System and method for lossless data compression and decompression."  The '812 patent was duly and legally issued by the United States Patent and Trademark Office on July 22, 2003.  A true and correct copy of the '812 patent is included as Exhibit D.

### SAP HANA

70.    On information and belief, SAP and HP and/or HPES have used, offered

for sale, sold and/or imported into the United States SAP database products that infringe various claims of the '812 patent, including in conjunction with HP ConvergedSystem, and continue to do so.  By way of illustrative example, these infringing products include, without limitation, SAP's and HP and/or HPES's compression products and services, such as, *e.g.,* the SAP HANA product and all versions and variations thereof since the issuance of the '812 patent ("accused products").

71.     On information and belief, SAP and HP and/or HPES have directly infringed and continue to infringe the '812 patent, for example, through their own use and testing of the accused products to practice compression methods claimed by the '812 patent, including a method for compressing input data comprising a plurality of data blocks, the method comprising the steps of: detecting if the input data comprises a run-length sequence of data blocks; outputting an encoded run-length sequence, if a run-length sequence of data blocks is detected; maintaining a dictionary comprising a plurality of code words, wherein each code word in the dictionary is associated with a unique data block string; building a data block string from at least one data block in the input data that is not part of a run-length sequence; searching for a code word in the dictionary having a unique data block string associated therewith that matches the built data block string; and outputting the code word representing the built data block string. On information and belief, use of the accused products in their ordinary and customary fashion results in infringement of the methods claimed by the '812 patent.

72.     On information and belief, HP and HPES have had knowledge of the '812 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, HP and HPES knew of the '812 patent and knew of their infringement, including by way of this lawsuit.

73.     Upon information and belief, HP and/or HPES's affirmative acts of installing the accused products into HP and/or HPES's own compatible hardware such as HP ConvergedSystem, selling such systems and/or services, and providing

implementation services and technical support to users of the accused products on HP and/or HPES's systems,[16] have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '812 patent.  HP and/or HPES specifically intended and were aware that these normal and customary activities would infringe the '812 patent.  HP and/or HPES performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '812 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, HP and/or HPES engaged in such inducement to promote the sales of their own compatible hardware that can be used in conjunction with the accused products, including HP ConvergedSystem products, and their HP As-a-Service Solution for SAP HANA® service.  Accordingly, HP and/or HPES have induced and continue to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '812 patent, knowing that such use constitutes infringement of the '812 patent.

74.     On information and belief, SAP has had knowledge of the '812 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, SAP knew of the '812 patent and knew of its infringement, including by way of this lawsuit.

75.     SAP's affirmative acts of making, using, selling, offering for sale, and/or importing the accused products have induced and continue to induce users of the accused products to use the accused products in their normal and customary way to infringe the '812 patent by practicing compression methods claimed by the '812 patent, including a

---

[16] "With more than 9,200 SAP professionals, HP has one of the largest and most comprehensive global SAP capabilities. … HP's global SAP practice has successfully delivered more than 1,000 SAP implementation projects for our clients".  See http://www8.hp.com/h20195/V2/GetDocument.aspx?docname=4AA4-7634ENW&cc=us&lc=en

method for compressing input data comprising a plurality of data blocks, the method comprising the steps of: detecting if the input data comprises a run-length sequence of data blocks; outputting an encoded run-length sequence, if a run-length sequence of data blocks is detected; maintaining a dictionary comprising a plurality of code words, wherein each code word in the dictionary is associated with a unique data block string; building a data block string from at least one data block in the input data that is not part of a run-length sequence; searching for a code word in the dictionary having a unique data block string associated therewith that matches the built data block string; and outputting the code word representing the built data block string.  For example, the SAP HANA Administration Guide explains that HANA determines which columns in a column table to compress and which compression algorithm, such as run length encoding (RLE), is most appropriate to apply for each column, applying a default compression method if necessary.[17]  SAP specifically intended and was aware that the normal and customary use of the accused products would infringe the '812 patent.  SAP performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '812 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, SAP engaged in such inducement to promote the sales of the accused products, *e.g.,* through SAP's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '812 patent.  Accordingly, SAP has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '812 patent, knowing that such use constitutes infringement of the '812 patent.

      76.    By making, using, offering for sale, selling and/or importing into the

---

[17] See, e.g.
https://hcp.sap.com/content/dam/website/saphana/en_us/Technology%20Documents/SAP_HANA_Administration_Guide_en.pdf at 139, 148.

United States the accused products, including in conjunction with HP ConvergedSystem, and touting the benefits of the accused products' compression features, SAP and HP and/or HPES have injured Realtime and are liable to Realtime for infringement of the '812 patent pursuant to 35 U.S.C. § 271.

77.    As a result of SAP's and HP and/or HPES's infringement of the '812 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for SAP's and HP and/or HPES's infringement, but in no event less than a reasonable royalty for the use made of the invention by SAP and HP and/or HPES, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Realtime respectfully requests that this Court enter:

a.    A judgment in favor of Plaintiff that SAP, Sybase, HP, and HPES have infringed, either literally and/or under the doctrine of equivalents, the '992 patent, the '530 patent, the '513 patent, and the '812 patent;

b.    A permanent injunction prohibiting SAP, Sybase, HP, and HPES from further acts of infringement of the '992 patent, the '530 patent, the '513 patent, and the '812 patent;

c.    A judgment and order requiring SAP, Sybase, HP, and HPES to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for their infringement of the '992 patent, the '530 patent, the '513 patent, and the '812 patent, as provided under 35 U.S.C. § 284;

d.    A judgment and order requiring SAP, Sybase, HP, and HPES to provide an accounting and to pay supplemental damages to Realtime, including without limitation, prejudgment and post-judgment interest;

e.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated:  May 8, 2015                                    Respectfully submitted,


*/s/ Marc A. Fenster by permission Claire*
*Abernathy Henry*
Marc A. Fenster (CA SBN 181067)
LEAD ATTORNEY
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
Jeffrey Z.Y. Liao (CA SBN 288994)
C. Jay Chung (CA SBN 252794)
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
jliao@raklaw.com
jchung@raklaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1127 Judson Road, Ste 220
Longview, Texas 75601
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

***Attorneys for Plaintiff***
***Realtime Data LLC d/b/a IXO***
